ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LEMUEL VELILLA REYES,<br><br>Apelada,<br><br>v.<br><br>HUMBERTO REYES PÉREZ, **HERMELINDA CABRERA RIVERA** y la sociedad de gananciales compuesta por ambos, y ENCARNACIÓN ORTEGA NIEVES y FULANO DE TAL, MENGANO MÁS CUAL, sus sucesores o personas desconocidas con interés,<br><br>Apelante. | KLAN202400065 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón.<br><br>Civil núm.: BY2021CV03215.<br><br>Sobre: acción civil; Art. 183 y 185 de la Ley del Registro de la Propiedad Inmobiliaria. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Comparece la parte apelante, señora Hermelinda Cabrera Rivera, y nos solicita que revisemos y revoquemos la *Sentencia* en rebeldía emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 9 de noviembre de 2023, notificada a las partes el 14 de noviembre de 2023. En ella, el foro primario determinó que la parte apelada, señor Lemuel Velilla Reyes, había adquirido por usucapión o prescripción adquisitiva extraordinaria la titularidad de la proporción indefinida equivalente a un 50% de la propiedad inmueble objeto del caso del título[1]. En consecuencia, ordenó al Registrador de la Propiedad Inmobiliaria que, previo el pago de $45,000.00, inscribiera las referidas circunstancias a favor del apelado.

---

[1] La antedicha propiedad inmueble está inscrita en el Registro de la Propiedad de Bayamón, Sección 1, en el folio veintiuno (21), tomo mil trescientos diez (1,310), finca número cincuenta y ocho mil novecientos sesenta y uno (58,961), catastro número: 15-142-061-30-12-000. El inmueble ubica en el Barrio Buena Vista del Municipio de Bayamón. *Véase*, apéndice del recurso, a la pág. 198.

Número identificador

SEN2024_____

Por los fundamentos que expondremos a continuación, ordenamos al Tribunal de Primera Instancia que celebre una vista evidenciara a los efectos de dilucidar si las alegaciones respecto a la negligencia crasa de la representación legal de la señora Cabrera son ciertas. La anotación de rebeldía, así como la sentencia dictada de conformidad, estarán sujetas a los resultados de la referida vista de modo que, si las alegaciones fueran probadas, las mismas serán dejadas sin efecto.

I

La controversia planteada tuvo su origen el 13 de agosto de 2021, cuando el señor Velilla presentó una demanda contra la apelante[2]. En esta, solicitó al Tribunal de Primera Instancia que ordenara al Registrador de la Sección Primera de Bayamón que inscribiera a su favor un inmueble que alegó fue adquirido mediante usucapión.

El 29 de octubre de 2021, el señor Velilla informó al tribunal que la señora Cabrera había sido emplazada personalmente el 24 de octubre de 2021, de conformidad a la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V[3].

Tras varias incidencias procesales, el **7 de septiembre de 2022**, se celebró el juicio en rebeldía en el cual la parte apelada desfiló prueba y dio por sometido su caso[4].

Previo a que el foro primario dictara su sentencia en rebeldía, el **2 de noviembre de 2023**, la apelante señora Cabrera compareció por derecho propio, mediante la moción intitulada *Solicitud de nuevo juicio por falta de notificación*[5]. En su moción juramentada adujo que no se le había anotado formalmente su rebeldía y que no había sido notificada de la vista, por lo que solicitó un nuevo juicio.

En respuesta, el tribunal concedió un término al señor Velilla para que se expresara. Así, el 8 de noviembre de 2023, el apelado presentó una

---

[2] *Véase*, apéndice del recurso, a las págs. 197-203.

[3] *Íd.*, a las págs. 139-144.

[4] *Íd.*, a las págs. 63-64.

[5] *Íd.*, a las págs. 44-46.

moción en la que arguyó que el escrito de la señora Cabrera no cumplía con la Regla 48 de las de Procedimiento Civil, 32 LPRA Ap. V[6].

El 9 de noviembre de 2023, notificada el 14 de noviembre, el foro primario emitió una *Resolución*, que declaró sin lugar la solicitud de nuevo juicio de la señora Cabrera[7]. Consignó que la apelante no había justificado adecuadamente su incomparecencia en el pleito, ni había planteado algún derecho o defensa en contra de la parte apelada.

Adicionalmente, el **9 de noviembre de 2023**, notificada también el 14 de noviembre siguiente, el tribunal dictó la *Sentencia* en rebeldía en el caso[8].

El 29 de noviembre de 2023, el Lcdo. Corona Muñoz presentó su solicitud para asumir la representación legal de la señora Cabrera[9], la cual fue declarada con lugar el 29 de noviembre, notificada el 1 de diciembre de 2023[10].

También el 29 de noviembre de 2023, la señora Cabrera, por conducto de su representante legal, presentó una moción de reconsideración de la sentencia y de la resolución que denegó el nuevo juicio[11]. En ella expuso que la señora Cabrera, tan pronto fue emplazada allá para el 24 de octubre de 2021, contrató los servicios profesionales de la Lcda. Enid Gisela Martinez-Padilla, con despacho en Cataño, PR, para que le representase en este pleito. Adujo que pagó a la abogada la cantidad de honorarios solicitada por esta. También, que cada vez que la veía, le preguntaba el estatus del caso y la abogada le informaba que todo iba bien. Sin embargo, la abogada nunca compareció y mintió a la señora Cabrera.

En lo pertinente, añadió que la moción de solicitud de nuevo juicio, a pesar de que había sido suscrita y juramentada por la señora Cabrera,

---

[6] *Véase*, apéndice del recurso, a las págs. 41-42.

[7] *Íd.*, a las págs. 13-14.

[8] *Íd.*, a las págs. 3-12.

[9] *Íd.*, a la pág. 39.

[10] *Íd.*, a la pág. 38.

[11] *Íd.,* a las págs. 15-17.

fue redactada por la Lcda. Martínez-Padilla. A la luz de la negligencia exhibida por la abogada, la señora Cabrera solicitó que el tribunal dejara sin efecto su resolución y su sentencia del 9 de noviembre de 2023[12].

El 14 de diciembre de 2023, el apelado señor Velilla presentó su oposición a la solicitud de reconsideración[13]. En síntesis, adujo que la señora Cabrera fue debidamente emplazada y que había omitido adjuntar a su solicitud documento alguno en apoyo de sus afirmaciones.

El 22 de diciembre de 2023, el tribunal emitió y notificó su denegatoria de la reconsideración presentada por la señora Cabrera[14].

Inconforme con la referida determinación, la señora Cabrera presentó su recurso ante nos el 19 de enero de 2024, y formuló los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al no reabrir, reconsiderar y relevar de la sentencia en rebeldía a la parte apelante tomando en cuenta que contrató representación legal que nunca compareció, violándose así su derecho al debido proceso de ley.
>
> Erró el Honorable Tribunal de Primera Instancia al no permitir a la apelante contestar la demanda, establecer sus defensas, y refutar las alegaciones de usucapión adquisitiva sobre su propiedad.
>
> Erró el Honorable Tribunal de Primera Instancia al no ordenar la comparecencia de la licenciada Enid G. Martinez Padilla a justificar su incomparecencia al proceso.

(Énfasis omitido).

El 27 de febrero de 2024, el señor Velilla presentó su oposición.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

II

En cuanto a la anotación de rebeldía, la Regla 45.1 de las de Procedimiento Civil dispone como sigue:

---

[12] El Tribunal de Primera Instancia no tuvo el beneficio, en ese momento, de revisar la *Querella* **juramentada** presentada el 12 de enero de 2024, ante el Tribunal Supremo de Puerto Rico, por la señora Cabrera en contra de la Lcda. Martínez-Padilla. *Véase*, apéndice del recurso, a las págs. 243-247. En ella, la señora Cabrera detalla todas las gestiones realizadas por ella desde el 27 de octubre de 2021, y cómo la abogada le mintió y le hizo pensar que estaba debidamente representada en este caso.

[13] *Véase*, apéndice del recurso, a las págs. 18-21.

[14] *Íd.*, a las págs. 1-2.

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

32 LPRA Ap. V, R. 45.1.

Con relación a dicha regla, el Tribunal Supremo de Puerto Rico ha expresado que, "[e]l propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). A su vez, ha afirmado que "la rebeldía 'es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal'". *Íd.*

De otra parte, la anotación de rebeldía es un remedio que opera para dos tipos de situaciones. *Íd.*, a la pág. 589. La primera, cuando el demandado no cumple con el requisito de comparecer a contestar la demanda o a defenderse en otra forma prescrita por ley; es decir, cuando no presenta alegación alguna contra el remedio solicitado. *Íd.* La segunda, para situaciones en las que una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a este a imponerle la rebeldía como sanción. *Íd.*

Los efectos de la anotación de rebeldía "se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde". *Íd.*, a la pág. 590. Asimismo, "se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho". *Íd.*, a la pág. 589.

De otra parte, la Regla 45.3 de las de Procedimiento Civil, 32 LPRA Ap. V, provee para que un tribunal **deje sin efecto la anotación de la rebeldía** de una parte.

> El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de este apéndice.

En *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988), el Tribunal Supremo comparó los criterios necesarios para dejar sin efecto una anotación de rebeldía y los necesarios para conceder un relevo de sentencia, conforme a la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V. Así pues, dispuso como sigue:

> […] Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra*, **tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia**, son igualmente aplicables cuando se solicita que una *sentencia* dictada en rebeldía sea dejada sin efecto.

*Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR, a la pág. 294. (Énfasis nuestro; bastardillas en el original).

De hecho, en dicha opinión, el Tribunal Supremo alude a ese "fino balance" entre la deseabilidad de dar por terminados los pleitos y que estos se resuelvan en sus méritos. *Íd.* Evidentemente, se trata del ejercicio ponderado de la discreción del foro primario, el cual, ante la ausencia del perjuicio que pudiera ocasionar a la otra parte, debe inclinarse y propiciar la adjudicación de los pleitos en sus méritos. *Íd.*; véase, además, *J.R.T. v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971); *Román Cruz v. Díaz Rifas*, 113 DPR 500, 506-507 (1982).

Cual planteado en *J.R.T. v. Missy Mfg. Corp.*, con relación a la Regla 45 de Procedimiento Civil,

> [e]l objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación diligente de los casos. […]. **Por eso, y por lo oneroso y drástico que resulta sobre las partes demandadas o querelladas una sentencia en rebeldía, es que se ha establecido la norma de interpretación liberal**, **debiendo**

> **resolverse cualquier duda a favor del que solicita que se deje sin efecto la anotación de rebeldía, a fin de que el caso pueda verse en los méritos**. […].
>
> Cuando, como en este caso, se aduce una buena defensa y la reapertura no ocasiona perjuicio alguno, **constituye un claro abuso de discreción el denegarla**. **Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos**, a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del querellado. […].

*J.R.T. v. Missy Mfg. Corp.*, 99 DPR, a la pág. 911. (Énfasis nuestro; citas omitidas).

Una buena defensa en los méritos; el perjuicio, sin alguno que podría sufrir la parte contraria; y, el momento en el tiempo en que se solicita, constituyen los criterios a ser ponderados por el tribunal al adjudicar una solicitud para que se deje sin efecto una anotación de rebeldía. Si bien se trata de un ejercicio de discreción judicial, este debe operar a base de dichos criterios, tomando en consideración que se trata de una norma de interpretación liberal, cuyo fin último debe ser la adjudicación en sus méritos de los casos.

III

Por estar estrechamente relacionados entre sí discutiremos en conjunto los señalamientos de error esbozados por la parte apelante.

El Tribunal Supremo de Puerto Rico ha consignado en repetidas ocasiones que, en nuestra misión de hacer justicia, la discreción es el más poderoso instrumento reservado a los jueces. *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981); *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004). Cuando aludimos a la discreción, nos referimos a la facultad que tenemos para resolver de una forma u otra, o de escoger entre varios cursos de acción; por ello, la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Citibank et al. v. ACBI et al.*, 200 DPR 735 (2018); *HIETel v. PRTC*, 182 DPR 451, 459 (2011).

Analizados los hechos que surgen del expediente, colegimos que no estamos en posición de sustituir el criterio del foro primario en cuanto a dejar sin efecto la anotación en rebeldía en este momento. No obstante,

llamamos la atención a que las alegaciones expuestas por la señora Cabrera en la moción de reconsideración presentada el 29 de noviembre de 2024, y en su escrito de apelación son de tal naturaleza y gravedad que, en el mejor interés de la justicia, ameritan la oportunidad de presentar evidencia.

El foro primario no tuvo la oportunidad de examinar la *Querella* juramentada presentada por la señora Cabrera ante el Tribunal Supremo. En ella, se expuso detalladamente las alegaciones de la apelante en contra de la Lcda. Martínez-Padilla, y la conducta desplegada por esta, que conllevó la anotación de rebeldía de la señora Cabrera. Esas alegaciones se traducen en una conducta profesional inaceptable y punible, que tendrán que ser probadas por la señora Cabrera.

Por otro lado, la parte apelada sostiene que, independientemente de los señalamientos de la señora Cabrera, a este foro intermedio solo le corresponde dilucidar si procedía o no anotar la rebeldía. Postula que las alegaciones que surgían tanto de la solicitud de nuevo juicio como de la solicitud de reconsideración presentadas por la apelante debieron estar sustentadas en prueba documental, que avalara las gestiones realizadas por la señora Cabrera o la justa causa para no comparecer. No le asiste la razón.

En primer lugar, tanto el foro primario como la parte apelada obvian lo dispuesto en la Regla 9 de las de Procedimiento Civil, 32 LPRA Ap. V, a los efectos de que no es necesario juramentar una petición al tribunal (siempre que no se requiera por ley) y que la firma del abogado en un escrito constituye una certificación de que lo allí consignado está fundamentado en los hechos y el derecho pertinentes, y que no se ha presentado con el fin de causar una injusticia, una dilación u opresión innecesarias, o para aumentar los gastos del litigio.

Es decir, aun sin una declaración jurada de la señora Cabrera y sin el beneficio de la querella instada por esta ante el Tribunal Supremo o de los documentos que le fueran adjuntados, el foro primario contaba con

suficientes garantías de que la presunta negligencia de la Lcda. Martínez-Padilla podía haber provocado la incomparecencia de la señora Cabrera.

Reconocemos que al foro primario le cobija una amplia discreción, sin embargo, al momento de analizar los criterios para dejar sin efecto una anotación de rebeldía, la balanza discrecional puede y debe inclinarse hacia la adjudicación en sus méritos de los casos. Por tanto, ante las graves imputaciones de la señora Cabrera contra la abogada que contrató, nuestra postura se fundamenta en que, si estas alegaciones fueran probadas, el foro primario estaría en la obligación de dejar sin efecto la anotación de rebeldía y la sentencia dictada, y atender el caso en sus méritos.

Para ello, resulta necesaria la celebración de una vista evidenciaria en la que la señora Cabrera descargue el peso de establecer que fue víctima de la negligencia de la Lcda. Martínez-Padilla, lo que le impidió comparecer oportunamente ante el foro primario a defenderse.

IV

Por los fundamentos expuestos, ordenamos al Tribunal de Primera Instancia, Sala Superior de Bayamón, que celebre una vista evidenciaria a los efectos de dilucidar si las alegaciones respecto a la representación legal previa de la señora Cabrera son ciertas. La anotación de rebeldía, así como la sentencia dictada de conformidad, estarán sujetas a los resultados de la referida vista, de modo que, si las alegaciones fueran probadas a satisfacción del tribunal, las mismas sean dejadas sin efecto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones